IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS SALERNO**, | : | CIVIL ACTION NO. 1:10-CV-1335 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **VISION FINANCIAL CORP.**, | : | |
| Defendant | : | |

## ORDER AND DEFAULT JUDGMENT

AND NOW, this 20th day of May, 2011, upon consideration of plaintiff's motion for default judgment (Doc. 8), and the amended motion for default judgment (Doc. 12), and upon further consideration of the affidavit (Docs. 12-2) and brief (Docs. 13) in support thereof, and it appearing that the summons and complaint were served on defendant by mail, return receipt requested, July 13, 2010, and served on defendant by process server on September 20, 2010, but that, as of the date of this order, defendant has not made any answer, see FED. R. CIV. P. 12 (stating that "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint"), or other defense or appearance in the above-captioned case, and it further appearing that default was entered in the above-captioned case on November 16, 2010, and the court finding that entry of default judgment is appropriate, and that, based on the record, plaintiff has proven damages with sufficient certainty that no further inquiry is necessary, see FED. R. CIV. P. 55(b)(2) (providing that "[t]he court may conduct hearings" as necessary to "determine the amount of damages"); see also Rhino Assocs. L.P. v. Berg Mfg. &

Sales Corp., 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007) (holding that a hearing was unnecessary when the evidence on fees and damages was not opposed and unambiguous), and the court noting that the requested judgment is within the scope of plaintiffs' complaint, see FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."), (see also Docs. 1, 12), and the court concluding that, given counsel for plaintiff's experience filing Fair Debt Collection Practices Act claims (see Doc. 12-2 ¶ 4-6), the requested attorney's fees and costs are reasonable under the circumstances, it is hereby ORDERED that:

1. The motion for default judgment (Doc. 8) is DENIED as MOOT.

2. The amended motion for default judgment (Doc. 12) is GRANTED.

3. JUDGMENT is hereby entered in favor of plaintiff Louis Salerno and against defendant Vision Financial Corp. in the following amounts:

   a. $1,000.00 in statutory damages, see 15 U.S.C. § 1692k(a)(2); and

   b. $3,882.50 in attorney's fees see 15 U.S.C. § 1692k(a)(3); and

   c. $425.85 in costs, see 15 U.S.C. § 1692k(a)(3).

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge